JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
  *JOrr@GGTrialLaw.com*

Attorneys for Plaintiff
Christopher McDougall

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER MCDOUGALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KAWCAK MASONRY, INC., a Nevada corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)  TORTIOUS DISCHARGE;**<br><br>**(2)  DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(4)  RETALIATION (N.R.S. § 613.340);**<br><br>**(5)  RETALIATION (42 U.S.C. § 12203 *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Christopher McDougall ("Plaintiff" or "Mr. McDougall") alleges as follows:

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* and 42 U.S.C. § 12203 *et seq.* The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

### NATURE OF THE ACTION

4. Mr. McDougall began working for Kawcak Masonry, Inc. as a Labor Foreman in September 2022. During his employment, Mr. McDougall suffered work-related injuries and filed two workers' compensation claims. Mr. McDougall was also diagnosed with an anxiety disorder and a brain cyst. In June 2025, Mr. McDougall experienced a disability-related panic attack, witnessed by various staff members. Ten days later, Kawcak Masonry, Inc. terminated Mr. McDougall's employment in discrimination on the basis of his disabilities and in retaliation for his protected activity.

### PARTIES

5. Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

6. Defendant Kawcak Masonry, Inc. is a Nevada corporation that conducts business in Washoe County.

### FACTUAL ALLEGATIONS

7. Mr. McDougall began working for Kawcak Masonry, Inc. in September 2022 as a Labor Foreman.

8. During his employment, Mr. McDougall suffered two separate work-related injuries and filed workers' compensation claims with Kawcak Masonry, Inc. for each.

9. In August 2024, Mr. McDougall suffered a transient ischemic attack requiring

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

emergency hospitalization, after which he was diagnosed with a brain cyst and an anxiety disorder, requiring daily medication.

10.    Shortly thereafter, in August 2024, Mr. McDougall disclosed his medical conditions to his employer and provided medical documentation.

11.    On June 20, 2025, Mr. McDougall experienced a panic attack at work due to his anxiety disorder, requiring him to inform Human Resources that he needed medical attention and medication. He walked to the Human Resources office upstairs where HR Manager Catherine Spencer and other staff members witnessed his visible distress.

12.    Mr. McDougall was able to resolve the anxiety attack after taking his medication, and left two hours prior to the end of his shift.

13.    The following week, Mr. McDougall returned to work without incident. However, on or about June 30, 2025, Kawcak terminated Mr. McDougall's employment without providing any legitimate explanation.

14.    In light of these circumstances, it is clear that Mr. McDougall's employment was wrongfully terminated in discrimination on the basis of his disabilities and in retaliation for his protected activities.

15.    *Summary of Plaintiff's Protected Statuses and Activity*: Mr. McDougall suffers from disabilities, including an anxiety disorder a and a brain cyst. Mr. McDougall's protected activities include filing workers' compensation claims and requesting and taking intermittent disability leave.

16.    On February 13, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On February 26, 2026, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

17.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

18.    *Reckless Indifference and Conscious Disregard*: Defendant Kawcak Masonry, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the

-3-

wrongful conduct perpetrated. Yet Defendant Kawcak Masonry, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

19.    *Malice*: The conduct of Defendant Kawcak Masonry, Inc. was committed with malice, including that (a) Defendant Kawcak Masonry, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Kawcak Masonry, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Kawcak Masonry, Inc. against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Kawcak Masonry, Inc., as alleged, was fraudulent, including that Defendant Kawcak Masonry, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

22.    Further, Defendant Kawcak Masonry, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Kawcak Masonry, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

/ / /

/ / /

/ / /

/ / /

-4-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**<u>FIRST CLAIM FOR RELIEF</u>**

**Tortious Discharge**

**(Plaintiff Christopher McDougall against Defendant Kawcak Masonry, Inc.)**

23.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

24.    Plaintiff was employed by Defendant Kawcak Masonry, Inc..

25.    Plaintiff suffered workplace injuries and informed Defendant Kawcak Masonry, Inc. of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

26.    Defendant Kawcak Masonry, Inc. had actual or constructive knowledge of Plaintiff's actions.

27.    The decision of Defendant Kawcak Masonry, Inc. to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

28.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

29.    The acts of Defendant Kawcak Masonry, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Kawcak Masonry, Inc., and to make an example of and deter Defendant Kawcak Masonry, Inc. from engaging in such conduct in the future.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Christopher McDougall against Defendant Kawcak Masonry, Inc.)**

30.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

31.    Plaintiff was employed by Defendant Kawcak Masonry, Inc., as defined by N.R.S.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

§ 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

32. The acts and omissions of Defendant Kawcak Masonry, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

33. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

34. Plaintiff charges that Defendant Kawcak Masonry, Inc. discriminated against the Plaintiff based on his protected status or statuses.

35. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

36. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

37. The acts of Defendant Kawcak Masonry, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Kawcak Masonry, Inc., and to make an example of and deter Defendant Kawcak Masonry, Inc. from engaging in such conduct in the future.

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**THIRD CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Christopher McDougall against Defendant Kawcak Masonry, Inc.)**

38.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

39.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

40.     Defendant Kawcak Masonry, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

41.     Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

42.     Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

43.     Defendant Kawcak Masonry, Inc. took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

44.     The discriminatory acts of Defendant Kawcak Masonry, Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

45.     The discriminatory acts of Defendant Kawcak Masonry, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

46.     The acts of Defendant Kawcak Masonry, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

award of punitive and exemplary damages in an amount sufficient to punish Defendant Kawcak Masonry, Inc., and to make an example of and deter Defendant Kawcak Masonry, Inc. from engaging in such conduct in the future.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Christopher McDougall against Defendant Kawcak Masonry, Inc.)

48. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

49. Plaintiff was employed by Defendant Kawcak Masonry, Inc..

50. Plaintiff engaged in protected activity.

51. Defendant Kawcak Masonry, Inc. was aware of Plaintiff's protected activity.

52. After engaging in protected activity, Plaintiff suffered an adverse employment action.

53. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

54. The conduct of Defendant Kawcak Masonry, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

55. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Kawcak Masonry, Inc., and to make an example of and deter Defendant Kawcak Masonry, Inc. from engaging in such conduct in the future.

56.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**FIFTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Christopher McDougall against Defendant Kawcak Masonry, Inc.)**

57.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

58.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

59.    Plaintiff was an "employee" of Defendant Kawcak Masonry, Inc., as defined by 42 U.S.C. § 12111(4).

60.    Defendant Kawcak Masonry, Inc. was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

61.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

62.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Kawcak Masonry, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

63.    The conduct of Defendant Kawcak Masonry, Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

64.    The conduct of Defendant Kawcak Masonry, Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,

in an amount according to proof at trial.

65. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Emotional distress damages;

3. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4. For an award of reasonable attorneys' fees and costs incurred in this action;

5. For pre-judgment and post-judgment interest, as provided by law; and

6. For other and further relief as the Court may deem just and proper.

DATED: March 6, 2026                    GREENBERG GROSS LLP


                                        By:    */s/ Jemma E. Dunn*
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               John M. Orr

                                               Attorneys for Plaintiff
                                               Christopher McDougall

-10-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Christopher McDougall hereby demands a jury trial.


DATED: March 6, 2026                    GREENBERG GROSS LLP



                                        By:   */s/ Jemma E. Dunn*
                                              Jemma E. Dunn
                                              Matthew T. Hale
                                              John M. Orr

                                              Attorneys for Plaintiff
                                              Christopher McDougall

-11-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL